IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEKSANDR SNETKOV, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-1761-FB |
| | § | |
| U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY; KRISTI NOEM, In Her Official | § | |
| Capacity as Secretary of the U.S. Department of | § | |
| Homeland Security; PAMELA BONDI, In Her | § | |
| Official Capacity as Attorney General of the | § | |
| of the United States; TODD M. LYONS, In His | § | |
| Official Capacity as Acting Director of | § | |
| Immigration and Customs Enforcement; | § | |
| SYLVESTER ORTEGA, In His Official | § | |
| Capacity as ICE San Antonio Field Office | § | |
| Director; and BOBBY THOMPSON, In His | § | |
| Official Capacity as Warden of South Texas | § | |
| ICE Processing Center, | § | |
| | § | |
| *Respondents.* | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on July 2, 2026 (ECF No. 27); and Respondents' Objections to the Report and Recommendation filed on July 8, 2026 (ECF No. 30).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Chestney recommends that the Petition for Writ of Habeas Corpus filed by Petitioner Aleksandr Snetkov (ECF No. 1) be GRANTED IN PART "and that Respondents be ordered to RELEASE Petitioner from their custody under conditions compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3)." Report, ECF No. 27 at page 8.  Judge Chestney further recommends that Petitioner's Request for attorney's fees under the Equal Access to Justice Act be DENIED.

In addition, Magistrate Judge Chestney ordered the parties to confer on conditions of release and submit joint proposed conditions for Petitioner's post-removal supervision that comply with the relevant statutory provisions and regulations within seven days to be considered by this Court.  She recommended that because no evidence of record "indicates that Petitioner was in noncompliance with the terms of his most recent Order of Supervision, the undersigned recommends that the District Court release Petitioner on conditions of release that reflect those in effect prior to his current detention." *Id.*

In their objections, Respondents state the objections to the Report and Recommendation are being filed "simply to preserve Respondents' position for the record.  For the purposes of the record and in the interest of judicial economy, Respondents adopt as if restated here the legal authority provided in Respondents' Response at ECF 9 as the basis for the objection." Respondents' Objections to the Report and Recommendation, ECF No. 30 at page 1.

The Court has thoroughly analyzed the submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters properly raised by the objections. After due consideration, the Court concludes the objections lack merit and should be overruled. The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (ECF No. 27). The Report and Recommendation of the United States Magistrate Judge shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that: (1) Petitioner's Petition for Habeas Corpus (ECF No. 1) shall be GRANTED IN PART and Respondents shall be ordered to RELEASE Petitioner from their custody under conditions compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3) as set forth in the Joint Proposal for Petitioner's Post-Removal Supervision filed by the parties on July 7, 2026 (ECF No. 29), and DENIED IN PART as to Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA") because fees under the EAJA are not available in habeas corpus proceedings like this one.[1]

Accordingly, it is hereby ORDERED that the Report and Recommendations of United States Magistrate Judge, filed in this case on July 2, 2026 (ECF No. 27) is ACCEPTED such that: (1) Petitioner's Petition for Habeas Corpus (ECF No. 1) is GRANTED IN PART such that Respondents are ORDERED to release Petitioner from their custody as set forth below:

1.      Respondents are **DIRECTED to RELEASE** Petitioner Aleksandr Snetkov (A# 071-387-669) from custody under conditions compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3) as set forth in the Joint Proposal for Petitioner's

---

[1]   *See Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023).

Post-Removal Supervision filed by the parties on July 7, 2026 (ECF No. 29)[2] to a public place no later than **Friday, July 24, 2026**.

2.    Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.    Respondents shall **FILE** a status report no later than **Tuesday, July 28, 2026,** confirming that Petitioner has been released.

4.    In all other respects the Petition is **DENIED**.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are DISMISSED AS MOOT, and this case is now **CLOSED**.  A final judgment will issue separately.

It is so ORDERED.

SIGNED this 21st day of July, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[2]  The Joint Proposal for Petitioner's Post-Removal Supervision (ECF No. 29) provides, "The parties conferred on July 7 and agreed that Petitioner should be released on the same conditions of release that existed in 2025 at the time of his most recent detention.  Petitioner notes that those conditions are available at ECF No. 1-1 and consisted of yearly check-ins without an ankle monitor.  Respondents note that the full conditions are found at ECF No. 1-1 in the order of supervision attached to the petition and **the parties agree those should be reimposed**." (Emphasis added).